**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GEORGE SCHEIB and CAROLE SCHEIB,   )
         )
       Plaintiffs,     )
         )
       v.      )    02: 07cv0018
         )
MELLON BANK, N.A. and      )
MR. REED J. DAVIS, SR.,      )
         )
       Defendants.    )

**MEMORANDUM OPINION AND ORDER**

June 13, 2007

       Presently before the Court is the MOTION TO DISMISS PLAINTIFFS'

COMPLAINT, with brief in support filed by Defendants *(Document Nos. 3 and 4,*

respectively), the response in opposition filed by Plaintiffs (*Document No. 5*), and the Reply

Brief filed Defendants (*Document No. 8*).  For the reasons that follow, the Motion to Dismiss

will be granted.

**Standard of Review**

       When considering a motion to dismiss the court accepts as true all well pleaded

allegations of fact.  *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797,

799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the court construes all

reasonable inferences from those allegations in a light most favorable to the plaintiff.  *Id.*  The

complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to

relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

       The Federal Rules of Civil Procedure do not require detailed pleading of the facts on

which a claim is based, they simply require "a short and plain statement of the claim showing

that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See* Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999).  However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.  *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to the motion to dismiss filed by Defendants are copies of various court files and records.  Because these documents are matters of public record and are essential to Plaintiffs' claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment.  *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

### Background

As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiff.   The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

In 1978, Mellon Bank, N.A. issued Plaintiffs a mortgage for a personal residence located in Crafton Borough, Allegheny County, Pa.  In 1998, Mellon Bank, N.A. obtained  a default judgment in a foreclosure action against Plaintiffs and purchased their property at a

Sheriff's sale.  Through a subsequent action, Mellon Bank, N.A. evicted the Plaintiffs from the property on February 11, 1999, and has been in possession of the property since that time.

Defendant Reed Davis, Sr., an attorney, represented Mellon Bank, N.A. in the foreclosure and eviction proceedings.

Since 1999, Plaintiffs, *pro se,* have filed numerous lawsuits and complaints against Defendants in state and federal court, all of which have been unsuccessful in attempting to collaterally attack the judgment in the foreclosure action.  In fact, since 1999, Plaintiffs have attempted to challenge the validity of the foreclosure and eviction more than ten times in at least four different courts,  *i.e.*, the United States Bankruptcy Court for the Western District of Pennsylvania, the Court of Common Pleas of Allegheny County, Pennsylvania, the Pennsylvania Superior Court,  and the Pennsylvania Supreme Court.  All of Plaintiff's previous legal actions have been dismissed and/or declared frivolous by the courts.

In the instant complaint Plaintiffs once again attempt to challenge the validity of the foreclosure and eviction.  Plaintiffs aver that "[t]he latest denial of writ of certiorari was received on December 3, 2006., on appeal from the Supreme Court of Washington, D.C.  Due to new evidence that was not available to Plaintiff prior to 2002, plaintiff desires to include within this case under Exhibits to further clarify Case and position., proving due to the ongoing over-payments, that the property was paid in full."  Complaint, at ¶¶ 7 and 8.

**Discussion**

A.      *Lack of Subject Matter Jurisdiction*

In their Complaint, Plaintiffs state that this Court has jurisdiction pursuant to 28 U.S.C. § 1334 (sic) and § 1332(a).   Title 28, United States Code, section 1334 provides that a district court "shall have original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code.  Clearly, this provision does not apply to the instant case because this lawsuit was not brought under title 11.  However, in an abundance of caution, the Court will consider whether this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Federal question jurisdiction exists over a civil action if the claim arises under the constitution, laws or treaties of the United States.  Despite the Court's difficulty in discerning the legal basis for Plaintiffs' claims, it is clear that the essence of their claims involve the foreclosure and eviction which have been the subject of numerous lawsuits.  In fact, Paragraph 8 of the Complaint states as follows:

> Due to new evidence that was not available to Plaintiff prior to 2002, plaintiff desires to include within this case under Exhibits to further clarify Case and position., proving due to the ongoing over-payments, that the property was paid in full.

Complaint, Paragraph 8, emphasis added.   Even after a close reading of Plaintiffs' Complaint, the Court is not able to discern any federal question which is being raised by Plaintiffs.  Accordingly, the Court finds and rules that it lacks jurisdiction pursuant to 28 U.S.C. § 1331.

District courts maintain subject matter jurisdiction based on diversity where "the matter in controversy exceeds the sum of or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332.   For the purpose of establishing

4

diversity jurisdiction, a corporation is considered a citizen of both its principal place of business and of its place of incorporation.  28 U.S.C. § 1332(c)(1).

 In the case sub judice, the Complaint reflects that all parties are Pennsylvania citizens.  Plaintiffs reside in Pittsburgh, Pennsylvania.  Complaint, at ¶ 1.  Mellon Bank, N.A. "is a national Corporation with main headquarters, within the city of Pittsburgh, PA . . ." *Id.* at ¶ 2.  Defendant Reed J. Davis, Sr., "practices Law at Davis-Davis, 250 Vanadium Road, Pittsburgh, Pa 15228." *Id.* at ¶ 3.   Accordingly, the Court finds and rules that it does not have jurisdiction pursuant to 28 U.S.C. § 1332(a).

For all these reasons, the Court finds and rules that neither federal question jurisdiction nor diversity jurisdiction exist in this action and the Complaint will be dismissed.


B.      *Claim and Issue Preclusion*

Defendants argue that Plaintiffs' claims are precluded by the doctrines of (i) claim preclusion or *res judicata* and/or (ii) issue preclusion or collateral estoppel.  The Court agrees.

The defense of claim preclusion requires a defendant to demonstrate that there has been (i) a final judgment on the merits in a prior suit involving (ii) the same parties or their privies and (iii) a subsequent suit based on the same cause of action.  *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (citations omitted).  If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded. *Corestates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (citations omitted).

Similarly, the defense of issue preclusion requires (i) the issue decided in the prior adjudication must be identical with the one presented in the later action; (ii) there must have been a final judgment on the merits; (iii) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and (iv) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication.

On the face of Plaintiffs' Complaint, it is clear that the claims alleged in this action are the same claims and issues which have been litigated on prior occasions. Moreover, a review of the record establishes that both Mellon Bank, N.A., and Reed Davis, Sr., were parties to previous suits brought by these Plaintiffs which involved the same claims and issues, i.e., that the foreclosure and eviction were unlawful.

These same claims and issues were most recently decided by Judge Timothy Patrick O'Reilley in Scheib v. Mellon Bank, N.A., Reed J. Davis, Sr. and Davis-Davis Law Firm, filed in the Court of Common Pleas of Allegheny County, Pennsylvania at G.D. No. 02-5152. In that case, Plaintiffs brought claims for fraud, misrepresentation, negligent breach of fiduciary duty, and trespass against Defendants all of which related to the foreclosure and eviction. Judge O'Reilley found that the claims were barred by collateral estoppel because all of the claims in the complaint had been judicially determined in the prior foreclosure and ejectment action.

As noted *supra,* Plaintiffs' foreclosure and eviction have been the subject of repeated litigation. The Court finds and rules that the instant Complaint is yet another attempt to re-litigate these same claims and issues. Accordingly, Plaintiffs' claims are barred by the doctrines of claim and issue preclusion and Plaintiffs' Complaint will be dismissed.

C.       *Claims against Reed J. Davis*, Sr.

In addition to Plaintiffs' claims against Reed J. Davis, Sr., being dismissed for lack of subject matter jurisdiction and pursuant to the doctrines of res judicata and collateral estoppel, the claims against Defendant Davis must also be dismissed as a matter of law for the additional reason that Defendant Davis had no duty to Plaintiffs, the parties who were adverse to his client in litigation.  As the Pennsylvania Superior Court aptly noted:

> To impose upon an attorney a duty of care to the adverse party would place the attorney in a position where his own interest would conflict with the interests of his client and prevent him from exerting a maximum effort on behalf of the client.  It would place an undue burden on the profession and would diminish the quality of the legal services rendered to and received by the client.  Where an attorney represents a client in litigation . . . the public interest demands that attorneys in the proper exercise of their functions as such, not be liable to adverse parties for acts performed in good faith and for the honest purpose of protecting the interests of their clients.

*Aetna Electroplating Co., Inc. v. Jenkins*, 484 A.2d 134, 137 (Pa. Super. 1984).

D.       *Leave to Amend*

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend.  *Id.*  Even if a plaintiff does not seek leave to amend the complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 102 (3d Cir. 2002).  The district court may dismiss the action if the plaintiff does not

file an amended complaint within that time, or if the plaintiff files a notice fo her intent to stand on the complaint.

The Court finds and rules that it would be futile to allow Plaintiffs to amend their complaint in this matter.  Plaintiffs' claims in the present action share a common nucleus of operative facts, claims, and issues with their prior suits, which have been fully litigated, and are therefore barred by both issue and claim preclusion; an amended complaint could not alter this legal conclusion.

E.       *Request to Have Plaintiffs Declared Vexatious Litigators*

Finally, the Court must address the request of Defendants to enjoin Plaintiffs from access to federal court in the Western District of Pennsylvania unless represented by counsel. Defendants argue that there is ample evidence in the record to demonstrate that Plaintiffs are "vexatious litigants."  Title 28, United States Code, section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Our appellate court has long recognized that a pre-filing injunction is an extreme remedy which must be "narrowly tailored and sparingly used."  *Gonzalez v. Feiner,* 131 Fed. Appx. 373, 378 (3d Cir. 2005) (citations omitted).  Sufficient notice and opportunity to be heard are essential prerequisites to the entry of a pre-filing injunction.  *See In re Oliver*, 682 F.2d 443, 445-446 (3d Cir. 1982).

While the Court recognizes that Plaintiffs have filed repeated lawsuits all of which stem from the same set of factual occurrences, the Court does not find that Plaintiffs have yet abused the federal court system in a manner that would warrant such an extreme remedy. Therefore, Defendants' request will be denied.  However, Plaintiffs are warned that the denial of the request for injunctive relief is <u>not</u> an invitation to continue to file lawsuits against these same defendants which arise out of these same facts.


### Conclusion

For the reasons hereinabove stated, the Court finds that the motion to dismiss filed by Defendants should be granted.  Accordingly, Plaintiffs' Complaint will be dismissed with prejudice.  An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE SCHEIB and CAROLE SCHEIB, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     02: 07cv0018 |
| | ) |
| MELLON BANK, N.A. and | ) |
| MR. REED J. DAVIS, SR., | ) |
| | ) |
| Defendants. | ) |

**ORDER OF COURT**

AND NOW, this 13th day of June, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Plaintiffs' Complaint filed by Defendants is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that each of the following Motions filed by Plaintiffs are **DENIED AS MOOT**:

     •     Motion to Add Party Defendant (*Document No. 6*);

     •     Motion to Add Or In The Alternative To Amend Plaintiffs' Opposition Brief (*Document No. 10*);

     •     Motion for a Full Federal and State Regulatory Investigation (*Document No. 11)*; and

     •     Motion to Grant Re-Possession of Real Property (Document No. 22).

The Clerk shall docket this case as closed.


                                        BY THE COURT:


                                        s/Terrence F. McVerry
                                        United States District Court Judge


cc:        George Scheib
           815 Walbridge Street
           Pittsburgh, PA 15220

           Carole L. Scheib
           815 Walbridge Street
           Pittsburgh, PA 15220

           Jayme L. Butcher, Esquire
           Reed Smith
           Email: jbutcher@reedsmith.com